**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 96-50171**
_____

**UNITED STATES OF AMERICA FOR THE**
**USE AND BENEFIT OF CLYDE MCCULLAR AND**
**EMC CONSTRUCTION, INC.,**

**Appellant,**

**versus**

**CAROTHERS CONSTRUCTION, INC.**

**Appellee.**

_____

**Appeal from the United States District Court**
**for the Western District of Texas**
**(W-94-CV-276)**
_____

September 20, 1996

Before JONES, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:[*]

Appellant Clyde McCullar ("McCullar") appeals the district court's confirmation of an arbitration award finding McCullar personally liable for Carothers' attorneys' fees, costs, and expenses incurred during arbitration. After reviewing this

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

confirmation de novo, this court AFFIRMS.


## BACKGROUND

On October 4, 1995, McCullar and EMC Construction, Inc. ("EMC") filed suit for breach of contract against Carothers as well as St. Paul Fire and Marine Insurance Company ("St. Paul"), Carothers' surety. Carothers and St. Paul answered and Carothers filed a counterclaim.

Prior to proceeding to trial, the parties agreed to submit the case to an arbitration panel. Importantly, though St. Paul and McCullar were not parties to the original contract, they too agreed to submit to the arbitration and to be bound by the decision of the panel. On December 15, 1995, the arbitration panel found in favor of Carothers and awarded Carothers $306,829.24 in damages, $59,761.89 in attorneys' fees, and $17,350 in expenses, all recoverable from EMC and McCullar, jointly and severally.

Carothers sought to have the award confirmed in its entirety by the district court. Instead, the district court modified the award and ruled that McCullar was not personally liable for the damages sustained by Carothers. However, the court confirmed the balance of the award, including that portion of the award that held McCullar personally liable for fees and expenses in the amount of $78,111.89. McCullar appeals the district court's

decision to confirm this aspect of the arbitration award.

## DISCUSSION

This court reviews de novo the district court's decision to confirm an arbitration award. *Executone Info. Sys., Inc. v. Davis,* 26 F.3d 1314, 1320 (5th Cir. 1994); *McIlroy v. PaineWebber, Inc.,* 989 F.2d 817, 819-20 (5th Cir. 1993); *Forsythe Int'l, S.A. v. Gibbs Oil Co.,* 915 F.2d 1017, 1020-21 (5th Cir. 1990).

Though this court reviews de novo, our review is nonetheless extremely limited because the district court's "review of an arbitration award is extraordinarily narrow." *Antwine v. Prudential Bache Securities, Inc.*, 899 F.2d 410, 413 (5th Cir. 1990). For instance, in a typical proceeding to confirm or vacate an arbitration award, the Federal Arbitration Act ("FAA") circumscribes the review of the court, providing that an award shall not be vacated unless: (1) the award was procured by corruption, fraud, or undue means; (2) there is evidence of partiality or corruption among the arbitrators; (3) the arbitrators were guilty of misconduct which prejudiced the rights of one of the parties; or (4) the arbitrators exceeded their powers. 9 U.S.C. § 10(a)(1)-(4) (Supp. 1995). *Forsythe Int'l, S.A.,* 915 F.2d at 1020.

In the instant case, McCullar falls far short of satisfying these criteria, failing even to allege facts that would enable this court to vacate the arbitration panel's decision to hold McCullar liable for the attorneys' fees, costs, and expenses

of arbitration.  Moreover, McCullar acknowledges that he agreed to the binding arbitration.  Prior to this arbitration, EMC's and McCullar's ability to pay fees became an issue for the panel; to that end, both EMC and McCullar submitted tax returns to the American Arbitration Association for its determination whether it would reduce, waive, or otherwise adjust the arbitration fees. Because the issue of fees, costs, and expenses was properly before the arbitration panel, under the circumstances of this case, this court is precluded from upsetting the award of the arbitration panel.

## CONCLUSION

For the foregoing reasons, the decision of the district court confirming this part of the arbitration award is AFFIRMED.